### In re GUIDELINES FOR EXPERIMENTAL USE OF CAMERAS IN the UTAH SUPREME COURT.

#### No. 950179.

Supreme Court of Utah.

April 6, 1995.

#### ORDER

This Order supersedes earlier versions of the Guidelines published at 727 P.2d 198 and 816 P.2d 1222.

(1) Nothing in these guidelines is intended to restrict the right of the media to report on proceedings as previously authorized by Canons 3A(7) and 3A(8) of the Utah Code of Judicial Conduct.

(2) Nothing in these guidelines limits or restricts the power of the Chief Justice of the Supreme Court to control the conduct of the proceedings before the Supreme Court. The Chief Justice, after consultation with the members of the Court, shall have authority to impose conditions and limitations in addition to those enumerated in these guidelines if necessary to preserve the orderly administration of justice in individual cases. The Chief Justice of the Supreme Court shall also have authority, after consultation with the members of the Court, to prohibit the media coverage authorized in these guidelines where necessary to preserve the orderly administration of justice. If it is determined that media access should be denied, a written statement of reasons in support of that decision will be issued by the Court.

(3) Upon the failure of any media representative to comply with the limitations prescribed in these guidelines or imposed by the Chief Justice of the Supreme Court, that individual's permission to broadcast, film, tape, record, or photograph the proceedings may be revoked. In addition, the authorization to broadcast, film, tape, record, or photograph proceedings may be revoked at any time without prior notice when it appears to the Court that actions of the media are interfering in any way with the proper administration of justice.

(4) The law generally applicable to inclusion or exclusion of the press or public at court proceedings shall apply to the coverage authorized by these guidelines.

(5) At least two working days' prior written notice requesting media access shall be given to the Court, unless good cause exists to justify shorter notice. The court clerk shall notify all parties of the request. If a party objects to coverage, the Court shall consider such objections in determining whether media coverage shall be permitted.

(6) No photographic, film, videotape, or audio reproduction of a judicial proceeding shall be admissible as evidence in any retrial or other subsequent or collateral proceeding.

(7) No more than one television camera or motion picture camera mounted on a tripod, with a single camera operator, shall be permitted in the courtroom for coverage at any time while court is in session. The broadcast media, through a media committee or spokesperson as noted in paragraph 8, shall select a representative to arrange the pooling of media participants. The Court shall not participate in the pooling agreement.

(8) Where necessary to facilitate pooling and technical procedures, it shall be the responsibility of the media to form a media committee or designate a spokesperson to be solely responsible for settling disputes among media representatives and establishing pooling procedures that meet the approval of the Court prior to any coverage.

(9) With the assistance of the media committee or its spokesperson, the Chief Justice of the Supreme Court, after consultation with members of the Court, shall designate the placement of equipment, and personnel for electronic coverage of a judicial proceeding, and all equipment and personnel will be restricted to the area so designated. All equipment must be in place and tested at least fifteen minutes before the day's proceedings begin. Wiring shall not be obtrusive or cause inconvenience or hazard. While court is in session, equipment shall not be installed, moved, or taken from the courtroom.

(10) Individual journalists may use their personal audio recorders in the courtroom, but such usage shall not be distracting, and

changes of tapes or reels during court sessions shall be made with the least possible distraction.

(11) Television cameras and microphones used in the coverage permitted hereunder shall comply with the "state of the art."

Cameras and microphones shall be deemed to meet the "state of the art" when equal in unobtrusiveness, technical quality, and sensitivity to equipment in general usage by the major broadcast stations in Salt Lake City, Utah.

(12) All media persons covering the proceedings shall avoid conduct or dress that may detract from the dignity of the proceedings.

(13) Installation of all necessary wiring and associated facilities needed to permit the use of television cameras shall be at the media's expense and shall be to the court's satisfaction. If necessary, the media shall supply microphones, additional lighting, and other equipment for audio and visual coverage at its own expense. Installation of such equipment shall be subject to the approval of the Court.

/s/ Michael D. Zimmerman
MICHAEL D. ZIMMERMAN,
Chief Justice

/s/ I. Daniel Stewart
I. DANIEL STEWART,
Associate Chief Justice

/s/ Richard C. Howe
RICHARD C. HOWE,
Justice

/s/ Christine M. Durham
CHRISTINE M. DURHAM,
Justice

/s/ Leonard H. Russon
LEONARD H. RUSSON,
Justice